UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOWELL B. SMITH, | ) |
| DONALD G. DOWDEN, | ) |
| EDDIE JAMES BROWN, JR., | ) |
| MELVIN GENE FOREE, | ) |
| JARED ALLEN MICHAEL PARTON, | ) |
| DANIEL L. ROBBINS, | ) |
| SEAN GARRET GRIFFITH, | ) |
| SEAN ROBERTS, | ) |
| JADEN L. BALLARD, | ) |
| RANDY HAKIM WILSON, | ) |
| ANTON LAMONT THOMPSON, | ) |
| JARED EVANS, | ) |
| DAVID COPP, | ) |
| KENNETH COLE SIDWELL, | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:18-cv-02255-TWP-DLP |
| MATT MYERS, | ) |
| BOOTH, | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Filing Fee**

The plaintiffs are a group of 14 inmates at the Bartholomew County Jail. Multiple-plaintiff actions for prisoners, while allowed under Fed. R. Civ. P. 20, present significant practical difficulties. The first is that the law in this Circuit is that each plaintiff must pay the $400 filing fee or seek *in forma pauperis* status. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (citing *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001)).

## II. Screening Standard

Because the plaintiffs are "prisoners" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen their complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiffs are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## III. The Complaint

The plaintiffs have joined together to file this civil action against Sheriff Matt Myers and Officer Booth. On July 18, 2018, the plaintiffs were allegedly subjected to Officer Booth's inappropriate and unprofessional conduct. Specifically, when Officer Booth was returning clean laundry to the housing unit some inmates complained that their laundry had not been picked up for cleaning earlier in the morning. In response Officer Booth allegedly stated

> I don't know how you didn't hear me because I've got a big f***ing mouth and I hollered five or six different times. I've also got a big f***ing dick. Do you want to see?

Then the officer allegedly grabbed his penis. The plaintiff allege that the defendants are liable to them for sexual harassment based on this interaction. They seek an apology and $250,000 split equally between the plaintiffs.

## IV. Complaint is Dismissed

The plaintiffs' complaint must be dismissed because it does not allege a violation of a federally secured right.

For example, the claim that Officer Booker's statement while grabbing himself violated the inmates' constitutional rights would necessarily arise pursuant to 42 U.S.C. § 1983. The first inquiry in every § 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a prima facie case under § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992). The complaint falters at this point, because, although indefensible and unprofessional, isolated verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Id.* Accordingly, the plaintiffs' claim that their constitutional rights were violated because of a crude comment made by a jail officer is dismissed.

## V. Further Proceedings

Each plaintiff shall have **through August 22, 2018,** in which to 1) pay the filing fee or file a motion for leave to proceed *in forma pauperis* and 2) to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an

IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

Failure to comply with these instructions will be understood by the Court as the individual plaintiff's voluntary abandonment of the case, which will result in dropping that individual plaintiff from the action. The opportunity to voluntarily abandon the case is appropriate in this multi-plaintiff suit because if the complaint be dismissed under 28 U.S.C. § 1915A, each plaintiff remaining in the action would be assessed a "strike" that could eventually impact their ability to obtain *in forma pauperis* status in the future. *Boriboune*, 391 F.3d at 856.

The **clerk is directed** to send a copy of this Order to each plaintiff shown in the distribution list below.

**IT IS SO ORDERED.**

Date: 7/30/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LOWELL B. SMITH
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

DONALD G. DOWDEN
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

EDDIE JAMES BROWN, JR.
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

MELVIN GENE FOREE
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

JARED ALLEN MICHAEL PARTON
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

DANIEL L. ROBBINS
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

SEAN GARRET GRIFFITH
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

SEAN ROBERTS
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

JADEN L. BALLARD
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

RANDY HAKIM WILSON
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

ANTON LAMONT THOMPSON
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

JARED EVANS
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

DAVID COPP
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201

KENNETH COLE SIDWELL
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201